UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,  

    Plaintiff,

vs.

Eight Hundred Eight Thousand
Eight Hundred and Eighty Dollars
($808,880.00) in U.S. Currency.

    Defendant *in rem*.
_____/

Civil No.
Honorable Judge:
Magistrate Judge:

## COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and through Jerome F. Gorgon, Jr., United States Attorney for the Eastern District of Michigan, and Kelly E. Fasbinder, Assistant United States Attorney, and states upon information and belief as follows in support of this Complaint for Forfeiture:

## JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action pursuant to 21 U.S.C. § 881(a)(6), resulting from a violation or violations of 21 U.S.C. §§ 841(a)(1) and/or 846.

2. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), because acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the United States' claims occurred in the Eastern District of Michigan.

## DEFENDANT *IN REM*

5. The Defendant *in rem* consists of: Eight Hundred Eight Thousand Eight Hundred and Eighty Dollars ($808,880.00) in U.S. Currency seized by law enforcement officers in Montebello, California on or about November 19, 2024.

6. The Defendant *in rem* is currently in the custody of the United States Marshals Service.

## STATUTORY BASIS FOR CIVIL FORFEITURE

7. Title 21 United States Code, Section 841(a)(1) prohibits the knowing or intentional manufacture, distribution, or dispensation, or possession with intent to manufacture, distribute, or dispense, a controlled substance.

8. Title 21 United States Code, Section 846 criminalizes any attempt or conspiracy to commit a violation of the Controlled Substances Act.

9. Civil forfeiture is authorized by 21 U.S.C. § 881(a), which provides, in pertinent part, that, "[t]he following shall be subject to forfeiture to the United States

and no property right shall exist in them:" "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter." 21 U.S.C. § 881(a)(6).

## **FACTUAL BASIS IN SUPPORT OF FORFEITURE**

10. The Defendant *in rem* is forfeitable to the United States of America pursuant to 21 U.S.C. § 881(a)(6) as money furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, or intended to be used to facilitate any violation of Title 21. Evidence supporting this forfeiture includes, but is not limited to, the following:

    a. In 2017, before the United States District Court for the Southern District of New York, Oral Watson (Watson) pleaded guilty to conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, and was sentenced to 66 months in prison and four years supervised release.

    b. In 2023, a Confidential Human Source (CHS) informed the Federal Bureau of Investigations (FBI) that Watson, now a

      resident of California, was engaged in narcotics trafficking utilizing shipping services.

c.   The CHS contacted Watson to arrange a drug transaction. After negotiations, Watson agreed to send narcotics to a designated address in Detroit, Michigan, with an expected delivery date of April 26, 2024.

d.   On April 19, 2024, a recorded FaceTime call between the CHS and Watson showed Watson holding a brick-sized package with a logo on it with the word "ABUELO."

e.   On April 26, 2024, FBI Agents intercepted a package at a sorting facility, labeled as originating from California and destined for the prearranged Detroit address agreed upon by the CHS and Watson.

f.   On April 29, 2024, a United States Magistrate Judge in the Eastern District of Michigan issued a search warrant for the package.

g.   Agents executed the search warrant and found approximately 1.05 kilograms of suspected cocaine and 465.6 grams of suspected crystal methamphetamine.

    h.      Agents utilized a TruNarc laser scanner—a handheld device that scans and identifies packaged narcotics—on the packages, which indicated the presence of cocaine and methamphetamine, Schedule II controlled substances.

    i.      The cocaine was wrapped in plastic bearing the same "ABUELO" label shown in the FaceTime call between the CHS and Watson.

    j.      On September 26, 2024, a United States Magistrate Judge in the Eastern District of Michigan issued a complaint and arrest warrant for Watson relating to the mailed package, for possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

    k.      On November 19, 2024, members of the FBI executed the arrest warrant for Watson in California.

    l.      On the same day, pursuant to a search warrant issued in the United States District Court for the Central District of California, a search was conducted at Watson's registered address in California.

    m.      An individual, J.V. was present during the search. J.V. identified herself as Watson's romantic partner and the owner of the residence.

      n.      During the search, U.S. Currency totaling $808,880.00 was found throughout the residence, including in various areas inside three separate bedrooms.

      o.      Law enforcement is also aware of a prior narcotics-related currency seizure involving Watson and J.V. in the Eastern District of Michigan. In February 2021, Watson and J.V. traveled from Detroit to Los Angeles via Detroit Metropolitan Airport ("DTW"). While at DTW, law enforcement officers seized $100,820.00 in U.S. Currency from Watson and $120,040.00 in U.S. Currency from J.V. as suspected drug proceeds. The seized currency was concealed in the lining of the carry-on baggage carried by Watson and J.V. In September 2021, the seized currency was forfeited.

## CLAIM

11.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 10 above, including their subparts.

12.    The Defendant *in rem* is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) as money furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, or intended to be used to facilitate any violation of Title 21.

## **CONCLUSION AND RELIEF**

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court issue a warrant for arrest of the Defendant *in rem*; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant *in rem* condemned and forfeited to the United States for disposition according to law; and that the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

*/s/Kelly Fasbinder*
Kelly Fasbinder (P80109)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3211
(313) 226-9520
Dated: May 6, 2025                                                       Kelly.Fasbinder@usdoj.gov


## **VERIFICATION**

I, Sean Killian, state that I am a Special Agent with the Federal Bureau of Investigation. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

_____
Sean Killian, Special Agent
Federal Bureau of Investigation

Dated: ~~April ___, 2025~~
        May 5, 2025